# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Bragg, | No. CV-22-02187-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix Union High School District, et al., | |
| Defendants. | |

*Pro se* Plaintiff Ashley Bragg ("Plaintiff") has filed a Motion for Pro Bono Representation (Doc. 16). The Court must determine whether Plaintiff has shown that "exceptional circumstances" exist to require appointment of counsel under 28 U.S.C. § 1915(e)(1).

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one, but the Court has no authority to require attorneys to represent indigent litigants in civil cases. *See* 28 U.S.C. § 1915(e)(1); *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 301 (1989).[1] Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To

---

[1] "[W]hen a court 'appoints' an attorney, it can only do so if the attorney voluntarily accepts the assignment." *Aytch v. Sablica*, 2013 WL 1182667, at *3 n.2 (D. Nev. Mar. 20, 2012) (citing *Mallard v. United States Dist. Court,* 490 U.S. 296, 301 (1989)). "The court has no funds to pay for attorney fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment." *Id.*

determine whether "exceptional circumstances" exist the court must consider "[1] the likelihood of success on the merits as well as [2] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issue involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff seeks "assistance with corrections and settlement negotiation." (Doc. 16). Her Motion contains no further explanation, and she fails to discuss either *Weygandt* factor. The Court will therefore deny Plaintiff's Motion for Pro Bono Representation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion (Doc. 16) is **denied**.

Dated this 9th day of February, 2023.

Honorable Diane J. Humetewa
United States District Judge

- 2 -